**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

DEIRY BERENICE RUIZ SANDOVAL,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-03859-AYP

**ORDER GRANTING PETITION AND ISSUING WRIT FOR HABEAS CORPUS**

## I. SUMMARY

Petitioner Deiry Berenice Ruiz Sandoval ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto Detention Center. In this habeas action, Petitioner challenges the legality of her detention and continued civil confinement, asserting that Respondents violated the Due Process Clause of the Fifth Amendment by applying 8 U.S.C. § 1225(b)(2) to bar Petitioner from receiving a bond hearing before an immigration judge. Petitioner further alleges that her continued detention, without a constitutionally adequate custody redetermination hearing to determine whether she is a flight risk or danger to others, violates her right to due process. Respondents filed an Answer to the Petition (Dkt. No. 8), in

which they concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).

Having reviewed the record, and consistent with several recent decisions in this District, the Court concludes that Respondents' refusal to provide Petitioner with a bond hearing violates due process. Accordingly, the Court ORDERS that the Petition be granted, and a writ of habeas corpus be issued requiring Respondents to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico. (Dkt. No. 8-1 at 1.) Petitioner represents that she was born in 2002 and entered the United States without inspection at the age of four. (Dkt. No. 1 at 2.) Petitioner contends that she earned an Associate's degree from Long Beach City College in 2022. *Id.* Petitioner asserts she was granted Deferred Action for Late Childhood Arrivals ("DACA") with a validity date of June 24, 2027. *Id.* Petitioner contends that during the time of her residence in the United States she has maintained gainful employment and has developed ties to the community. *Id.*

Petitioner represents that she was cited for misdemeanor violation of California Penal Code section 242 on November 7, 2025. (Dkt. No. 1 at 2.) Petitioner contends that she completed all the required conditions of pre-conviction diversion, and the matter was dismissed in its entirety. (Dkt. No. 10 at 2.) Respondents assert that Petitioner was arrested for PC 241.1 Felony Assault on a Custodial Officer on June 2, 2026, and that the case is pending a hearing. (Dkt. No. 8-1 at 4.) Respondents represent that Petitioner was taken into ICE custody pursuant to a targeted enforcement operation upon her release

from Burbank City Jail on June 8, 2026. (Dkt. No. 8 at 2.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on July 12, 2026. (Dkt. No. 1.) Respondents filed their Response on (the "Response") on July 20, 2026. (Dkt. No. 8.) Petitioner filed a Reply (the "Reply") on July 21, 2026. (Dkt. No. 9.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III. DISCUSSION

Petitioner argues that her detention and continued civil confinement violate the Fifth Amendment's guarantee of due process because Respondents revoked her liberty and have barred Petitioner from receiving the custody redetermination hearing before an immigration judge to which she is constitutionally entitled. Petitioner therefore argues that Respondents' actions contravened the procedural protections the Constitution requires before depriving an individual of liberty.

The Respondents concede that Petitioner is a member of the bond eligible class that was certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and that Petitioner has a constitutional right to be heard as to whether his detention is warranted or legally permissible. (Dkt. No. 8 at 2-3.)

### A. The Court Has Subject Matter Jurisdiction

This Court has subject matter jurisdiction. 28 U.S.C. § 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas,* 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Id.* (citing INS v. St. Cyr, 533 U.S. 289, 301–03 (2001)). Accordingly, 8 U.S.C. § 1252(g) does not bar review here.

The Court has subject matter jurisdiction over Petitioner's habeas claims because § 2241 remains an available forum for statutory and constitutional challenges to detention. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Having established jurisdiction, the Court turns to the merits of Petitioner's due process claim.

**B. Petitioner's Detention Without an Opportunity to Be Heard as to Whether She Poses a Danger or Flight Risk Violates Due Process.**

The Fifth Amendment protects all persons in the United States, including noncitizens in removal proceedings, from deprivation of liberty without due process of law. Freedom from physical restraint lies at the core of this protection. *See Zadvydas*, 533 U.S. at 690–91.

The Court agrees with Petitioner that due process principles prohibit Respondents from detaining Petitioner without providing her the requisite pre-deprivation process. Respondents concede that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista* and that Petitioner's claims regarding entitlement to a bond hearing are subject to the *Maldonado Bautista* judgment. Thus, the Court finds that Petitioner is entitled to an individualized bond hearing based on the Bond Eligible Class certified in *Maldonado Bautista* and for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Deiry Berenice Ruiz Sandoval's (A# 219-708-610) immediate release or Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of

the date of this Order; and (3) the parties shall file a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received an individualized bond hearing or has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED: September 25, 2026

ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE